UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INGRID WARD, individually and on behalf of all others similarly situated,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**I.C. SYSTEM, INC. and JOHN DOES 1-25,**<br><br>            **Defendants.** | Civ. No. 19-20064 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

  Plaintiff Ingrid Ward brings this putative class action against Defendant I.C. System, Inc., alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). According to the Complaint, Defendant's collection letter contained a "false, deceptive, or misleading representation" in that they stated that "settlement may have tax consequences" and "fail[ed] to advise Plaintiff as to the identity of the current creditor who was attempting to collect a debt from her." (Compl. at 8–9)

  Now before the Court is Defendant I.C. System's motion to dismiss (DE 4) under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's motion to dismiss is granted.

**I. Summary[1]**

  At some point, prior to April 9, 2019, Ms. Ward asserts that an obligation involving a transaction with "ATT DIRECTV" was allegedly incurred. (Compl. ¶¶

---

[1] Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

1

23–24) On April 9, 2019, the owner of this alleged debt sent Plaintiff a letter in an effort to collect on this debt. (*Id.* ¶ 29) A copy of this letter is attached as Exhibit A to the Complaint. The letter was sent by Defendant. (*See* DE 1-1). In the top right corner under I.C. System's address and contact information, the letter provides an "Account Summary"

> Creditor: ATT DIRECTV
>
> Account No: [redacted]
>
> I.C. System Reference No: [redacted]
>
> Principal Due: $167.65
>
> Balance Due: $167.65
>
> $0.00 has been paid since placement

The letter then states:

> Ingrid Ward:
>
> Would you be willing to pay 65% of the BALANCE DUE above?
>
> To resolve the BALANCE DUE indicated above, our office will accept a reduced payment amount of $125.74.
>
> This settlement may have tax consequences. Please consult your tax advisor.
>
> For more information about your account or to make payment, please visit https://www.icsystern.com/consumer. You may also accept this offer by calling 888-474-8322 or sending payment by mail. ·
>
> If you will be receiving a tax refund and would like to use it to pay your account, please call us to make payment arrangements.
>
> We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

The total debt forgiven under the proposed settlement offer was $41.81. Plaintiff therefore brings two claims under the FDCPA. First, under Count 1, Plaintiff contends that this notice is false and deceptive in violation of Section 1692e, because under Internal Revenue Code § 6050P, only discharges of indebtedness of $600 or more must be reported to the IRS on Form 1099c, and

---

"DE" = Docket entry number in this case.

"Compl." = Complaint filed by Ms. Ward. (DE 1)

the $41.81 settlement does not meet that threshold. (Compl. ¶¶ 34–35) Plaintiff also contends that the statement "This settlement may have tax consequences" is deceptive because it invokes the Internal Revenue Service for the purpose of scaring Plaintiff into paying the debt. (*Id.* ¶ 36)

Under Count 2, Plaintiff asserts that the letter violates Section 1692f by failing to advise Plaintiff as to the identity of the "current creditor."

## II. Discussion
### A. Legal standard

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are

accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

### B. FDCPA

Congress passed the FDCPA in 1977 to combat "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing 15 U.S.C. § 1692(a)).

To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *see also Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005); *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014).

Elements 1, 2, and 3 are not in dispute. The parties dispute whether under element 4, Defendant's conduct as alleged violated the FDCPA. The alleged violations of the FDCPA here consist of (1) a "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, or "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* §1692e(10); and (2) the use of "unfair or unconscionable means to collect or attempt to collect any debt., 15 U.S.C. § 1692f.

To determine whether a particular practice or action violates the FDCPA, courts routinely apply the "least sophisticated debtor" standard when "analyz[ing] the communication giving rise to the FDCPA claim." *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). As the Third Circuit explained in *Jensen v. Pressler & Pressler*:

> Although the least sophisticated debtor standard is "lower than the standard of a reasonable debtor," it "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Id.* (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir.2000)). In so doing, it "give[s] effect to the Act's intent to 'protect[] the gullible as well as the shrewd.'" *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir.2008) (second alteration in original) (quoting *Brown*, 464 F.3d at 453).
>
> The standard is an objective one, meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be. *See Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir.2014) ("[T]he FDCPA does not require that a plaintiff actually be confused."); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir.1993) ("We apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e."). Thus, "the FDCPA enlists the efforts of sophisticated consumers . . . as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

791 F.3d 413, 418–19 (3d Cir. 2015).

### C. Analysis

Even by the consumer-friendly standards of the FDCPA, I cannot find that a violation is alleged by either count of this Complaint.

Under Count 1, Plaintiff claims that the following language is false and deceptive: "This settlement may have tax consequences. Please consult your tax advisor." This is misleading, says Plaintiff, because the settlement offer reducing her debt by $41.81 does not reach the IRS's reporting threshold of $600 for discharges of indebtedness. Plaintiff also reiterates throughout her opposition brief that this language falsely implies that the Defendant *will* issue an IRS 1099c reporting form to Ms. Ward. (*See, e.g.*, DE 6 at 9–16) I disagree.

5

In *Heredia v. Capital Mgmt. Servs., L.P*, the Seventh Circuit discussed whether nearly identical language violated the FDCPA:

> Recently, in *Dunbar*, 896 F.3d at 762, we evaluated a very similar tax consequences clause. That clause stated, "NOTICE: This settlement may have tax consequences." *Id.* at 764. We held that this "tax-consequences warning is literally true and not misleading under the objective 'unsophisticated consumer' test," and thus did not violate the FDCPA. *Id.* at 768. This was so even though the debtors at issue in that particular case were insolvent and would not have had to pay taxes on any discharged debt. *Id.* at 764. We noted that the word "may" does not mean "will," and that therefore the statement is true on its face. *Id.* at 765. We also found that the clause was not misleading because, among other reasons, an insolvent debtor can become solvent at any moment and "a debt collector has no reason or way to know whether an individual debtor is solvent or insolvent at a given time." *Id.* at 766. In other words, by saying "may" rather than "will," the debt collector described an accurate scenario. Settlement may or may not have tax consequences depending on the financial situation of the debtor, and that information is only in the hands of the debtor herself, and not the debt collector.
>
> . . .
>
> To summarize the law, it is permissible for a creditor to make a "may" statement if there is any possibility that an event might happen. *Dunbar*, 896 F.3d at 765 ("An unsophisticated consumer would not understand the word 'may' to mean 'will.'"). And thus Dunbar holds that it is permissible for a creditor to say, "Settling a debt for less than the balance owed may have tax consequences." *Id.* at 768.

*Heredia v. Capital Mgmt. Servs., L.P.,* 942 F.3d 811, 815 (7th Cir. 2019).

Accordingly, I find that the permissive language used by Defendant in its collection letter does not create a deceptive scenario whereby the least sophisticated consumer would equate a statement that there *may* be tax consequences with a statement that there *will be* tax consequences and that a tax form issue. As this Court recently held, "the statement that settlement 'may have tax consequences' is not false, deceptive, or misleading. Indeed, settlement 'may have tax consequences,' depending on a debtor's individual circumstances." *Antista v. Fin. Recovery Servs., Inc.,* No. 2:17-CV-3567 (WJM),

2018 WL 259771, at *3 (D.N.J. Jan. 2, 2018). *See also Rhein v. Forster, Garbus & Garbus, LLP*, No. CV168555ESJAD, 2017 WL 4969335, at *2 (D.N.J. Nov. 1, 2017) (finding with respect to nearly identical language that "Plaintiff has not stated a claim for which relief may be granted at this time under §§ 1692d, 1692e, or 1692f of the FDCPA, including the subsections invoked therein"); *Smith v. Weltman, Weinberg & Reis Co., LPA*, No. 16-1333, 2017 WL 2345600, at *3-5 (S.D. Ill. May 30, 2017) ("Because the statement '[t]his settlement may have tax consequences' is not a false, deceptive, or misleading representation used by [defendant] in connection with the collection of a debt, Smith has failed to state a claim under 15 U.S.C. § 1692e.") (certain alterations added); *Remington v. Fin. Recovery Servs., Inc.*, No. 16-0865, 2017 WL 1014994, at *4 (D. Conn. Mar. 15, 2017) ("Defendants advised plaintiff of settlement options and then truthfully advised plaintiff that such settlement options 'may' have tax consequences. It would take a bizarre or idiosyncratic interpretation by the least sophisticated consumer to conclude that this true statement violates the FDCPA. To be sure, the Second Circuit has recently held that the absence of a tax statement like the one here does not violate the FDCPA, but nothing in [that case] conversely suggests that the inclusion of a tax statement—if it is an accurate statement of the law, as it is here—violates the FDCPA.") (internal citation omitted).[2]

Count 2 likewise fails. The heart of Plaintiff's allegation appears to be that the debt collection letter lists ATT DirecTV simply as "Creditor," rather than "Current Creditor." (Compl. ¶ 48) But "[t]he FDCPA does not require that the creditor to whom the debt is owed be labeled 'current creditor.' It simply requires the notice contain the 'name of the creditor to whom the debt is owed.'" *Smith v. Simm Assocs.*, Inc., No. 17-C-769, 2018 WL 4705840, at *3

---

[2]   I bypass the issue of the plaintiff's equating failure to meet the 1099c reporting threshold with "no tax consequences." Such income, unless subject to an exclusion, must be reported on a person's return whether or not a 1099c is furnished. "Topic No. 431 Canceled Debt – Is It Taxable or Not?" https://www.irs.gov/taxtopics/tc431#:~:text=In%20general%2C%20if%20you%20have,the%20year%20the%20cancellation%20occurs. (last visited July 1, 2020).

7

(E.D. Wis. Sept. 30, 2018), *aff'd*, 926 F.3d 377 (7th Cir. 2019); *see also* 15 U.S.C.A. § 1692g(a)(2) ("a debt collector shall . . . send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed").

There is no contention that ATT DirectTV is not the creditor to whom the debt is owed. The distinction between the terms "Creditor" and "Current Creditor" is entirely irrelevant, as Plaintiff does not contend that the debt was assigned, or that for some other reason ATT DirectTV was not the creditor to whom the debt was owed when the letter was sent.

### III. Conclusion

For the reasons set forth above, Defendant's motion (DE 4) to dismiss is granted. This dismissal is without prejudice to the filing of a properly supported motion to amend, pursuant to Fed. R. Civ. P. 15, within 30 days.

An appropriate order follows.

Dated: July 2, 2020

/s/ Kevin McNulty
_____
**Kevin McNulty**
**United States District Judge**